IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLADAPO OLAJIDE,<br><br>　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM in his official capacity as Governor of California; XAVIER BECERRA, in his official capacity as Attorney General of California;<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 19-08048 WHA<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND TEMPORARY RESTRAINING ORDER** |

　　　Generously read, the pro se complaint (Dkt. No. 1) alleges that plaintiff Oladapo Olajide is African American, and that the California requirement to obtain a driver license before operating a motor vehicle on public motorways violates the Constitution and is a mechanism for the subjugation of people of his race. The complaint further alleges that the Governor has caused law enforcement officers to carry loaded firearms on the public motorways and "to stop the locomotion of black persons; to compel their energy and labor to serve as peons in liquidation of obligations and debts established under the Governor[']s budget and other state laws without being subject to a lawful judgment . . ." (*id.* at ¶ 12). No further detail is provided. Nor is there any allegation that plaintiff has been an actual victim of such regime. At most, he generally alleges that he is "subjected to" this regime. Of course, persons of *all* races, including African Americans, are entitled to equal protection under the law and due process of law, but there are no well pled allegations in the complaint that come close to explaining how plaintiff

has been denied equal protection or due process.  Instead, the complaint is a rambling diatribe against the Governor and Attorney General of California.  The United States District Court should not countenance such a pleading.  Accordingly, plaintiff's application to proceed *in forma pauperis* ("IFP") is denied, given that the complaint is frivolous.  In addition, paragraph one of the complaint states "[p]laintiff is a sole proprietor business person."  If true, it is hard to believe plaintiff lacks the financial resources to pay the requisite filing fee.

The motion for a temporary restraining order is equally incomprehensible and is denied on that ground as well as on the ground that the filing fee has not been paid, IFP being denied.

The Clerk shall not accept the complaint or papers for filing without payment of the usual filing fee.

**IT IS SO ORDERED.**

Dated: December 10, 2019.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2