UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLADAPO OLAJIDE,

    Plaintiff,

v.

GAVIN NEWSOME, in his official capacity as Governor of California, and XAVIER BECERRA, in his official capacity as Attorney General of California,

    Defendants.

No. C 19-08048 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

In this civil rights action by a pro se plaintiff, sufficient facts have not been pled against California's Governor and Attorney General, so the claim must be **DISMISSED**.

**STATEMENT**

Pro se plaintiff raised constitutional claims against California Governor Gavin Newsom and California Attorney General Xavier Becerra. Plaintiff asserts that on two separate instances in 2004 for 2017, police officers drew their weapons on him. The First Amended Complaint alleges that a fear of police has since seeped into plaintiff's daily life, and he feels threatened by California Highway Patrol whenever he drives. Plaintiff does not assert a factual connection between the incidents and any actions of the current Governor and Attorney General, so defendants' motion to dismiss is **GRANTED**.

# ANALYSIS

Plaintiff's pleadings are insufficient on law and fact to state a claim for relief. The First Amended Complaint seeks to bring legal action under the Magna Carta, as well as violations of the Thirteenth and Fourteenth Amendments under 42 U.S.C. Section 1983.

Defendants filed a motion to dismiss plaintiff's First Amended Complaint. A hearing on the motion was scheduled for Thursday, March 5. Prior to the hearing, the parties stipulated to submit the motion on the papers. The hearing was vacated. This order considers the parties' briefings without oral argument.

Remedy cannot be sought under the Magna Carta. Claims for relief must be grounded in the law of the United States or, in diversity jurisdiction, the law of a state. The Magna Carta, revered though it may be in history, is not law supporting a claim for relief.

Plaintiff's Due Process and Equal Protection claims are insufficiently raised under Section 1983, because the First Amended Complaint fails to identify any conduct by Governor Newsom or Attorney General Becerra in connection to the 2004 and 2017 police encounters. Plaintiff asserts that the conduct was linked to the "Governor's regime." A Section 1983 claim is only sufficient when the plaintiff alleges an actual connection between the actions of named defendants and the alleged constitutional deprivations. See *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A plaintiff must assert specific facts connecting named defendants to the alleged constitutional deprivation; "vague and conclusory allegations" remain insufficient to withstand a motion to dismiss. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Here, the First Amended Complaint raises no specific allegations against defendants, beyond their overall involvement in the "regime." Furthermore, the named defendants had not yet even assumed office when the alleged police encounters occurred.

Leave to amend would be futile, as Section 1983 claims, recognized as personal injury suits under relevant law, are held to a two-year statute of limitations. As the last alleged police incident occurred in 2017, the claim is barred.

**CONCLUSION**

For the aforementioned reasons, defendants' motion to dismiss is **GRANTED**. Being futile, leave to amend is **DENIED**. Judgment shall be entered. If plaintiff wishes to appeal, he must be mindful to file his motion of appeal within thirty days of entry of judgment, and timely perfect his appeal at the court of appeals.

**IT IS SO ORDERED.**

Dated: March 10, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE